NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASDEEP SINGH, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-1196 <br><br> Agency No. A216-274-043 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2023[**]
San Francisco, California

Before: GOULD, KOH, and DESAI, Circuit Judges.

Jasdeep Singh, a native and citizen of India, appeals a Board of Immigration

Appeals ("BIA") decision affirming an Immigration Judge's ("IJ's") denial of

asylum, withholding of removal, and protection under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand for further evaluation consistent with this disposition.

"Taking the totality of the circumstances into account, we review the BIA's credibility determination for substantial evidence." *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021). "Where, as here, the BIA reviewed the IJ's credibility-based decision for clear error and 'relied upon the IJ's opinion as a statement of reasons' but 'did not merely provide a boilerplate opinion,' we 'look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion.'" *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) (quoting *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008)).

At least two of the inconsistencies that the agency relied upon in making its adverse credibility determination are not supported by substantial evidence. The purported inconsistency with respect to the date Singh joined the Mann Party is unsupported by substantial evidence because it is a trivial detail. Singh's sworn asylum statement stated that he joined the Mann Party on November 13, 2016. However, Singh testified before the IJ that he joined the Mann Party on November

---

[1] Because Singh failed to administratively exhaust his withholding of removal and CAT claims, and does not discuss them in his opening brief, we decline to consider them. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 417 (2023) (holding that 8 U.S.C. § 1252(d)(1), which requires exhaustion of administrative remedies as a condition precedent to judicial review of an order of removal, is a "quintessential claim-processing rule").

2

16, 2016.  This inconsistency of only three days is "utterly trivial" and "under the total circumstances ha[s] no bearing on a petitioner's veracity."  *Shrestha v. Holder*, 590 F.3d 1034, 1043–44 (9th Cir. 2010).  Thus, it was improper for the agency to rely on this minor inconsistency as support for its adverse credibility determination.

Substantial evidence also does not support the agency's determination that Singh made inconsistent statements concerning whether he sought medical treatment after the first attack.  In his sworn asylum statement, Singh stated that after the first BJP attack, he called his father and they went to the police station, and then "went back home disheartened."  When testifying before the IJ, Singh stated that after the first attack, he went to the police, went to the doctor and was given a painkiller, and then went home.  Singh's failure to state in his sworn asylum statement that he sought medical attention after the first BJP attack is an omission, not an inconsistency.  Omissions are probative of credibility if the omitted facts present a "substantially different account[] of mistreatment" or "tell a much different — and more compelling — story of persecution than [the] initial application."  *Zamanov v. Holder*, 649 F.3d 969, 973, 974 (9th Cir. 2011). Singh's later testimony that he went to the doctor for a painkiller after the first attack does not present a "substantially different account[] of mistreatment" than what was presented in his sworn asylum application.  Therefore, it was improper for the

3

agency to rely upon this omission as support for its adverse credibility determination.[2]

"There is no bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility determination — our review will always require assessing the totality of the circumstances." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021). When rejected findings undermine the BIA's adverse credibility determination, we may "remand to the BIA to determine in the first instance whether the remaining factors — considered on their own —suffice to support an adverse credibility determination." *Kumar*, 18 F.4th at 1156. Thus, we remand to the agency to determine whether the remaining alleged inconsistencies in Singh's application support an adverse credibility determination when considered under the totality of the circumstances.[3]

**GRANTED, VACATED, and REMANDED**.[4]

---

[2] The BIA also failed to consider Singh's argument that he did not testify inconsistently about the chronology of events after the second attack because his declaration did not state the events chronologically.

[3] Because we grant the petition and remand on the credibility determination, we decline to address petitioner's due process claim.

[4] The parties shall bear their own costs.

4